UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DONALD WOODWORTH,

                    Plaintiff,           10-CV-6630

          v.                   **DECISION**
                                         **and ORDER**

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS

                    Defendants.
_____

## **INTRODUCTION**

Plaintiff, Donald Woodworth ("Plaintiff") brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), claiming retaliation for engaging in a protected activity. See Compl. ¶ 1. Plaintiff's Complaint contains 34 numbered paragraphs, labeled "Background Evidence of Retaliatory Conduct," that are identical to the factual allegations contained in the complaint in a separate action against the Department of Veterans Affairs and its former Secretary, James B. Peake, M.D., also for retaliation in violation of Title VII. See Compl. ¶¶ 8-42; Woodworth v. Dep't of Veterans Affairs, No. 09-CV-6076 (W.D.N.Y. filed Feb. 20, 2009)("2009 action"). Accordingly, before this Court are those factual allegations that Plaintiff has labeled "Current Allegations that Form the Gravamen of this Complaint," and which post-date the events that are the subject of Plaintiff's 2009 action. See Compl. ¶¶ 1-8, 43-64.

Defendant filed the instant Motion to Dismiss Plaintiff's current claim for retaliation, arguing that Plaintiff has not

established a plausible claim for relief for retaliation in violation of Title VII. For the reasons set forth below, this Court grants Defendant's motion and Plaintiff's Complaint is dismissed with prejudice.[1]

## BACKGROUND

The following allegations are taken from the Complaint. (Docket #1, ¶¶ 1-7, 43-64.) Plaintiff is currently employed as a police officer at the Canandaigua Veteran's Affairs Medical Center ("VA"), operated by the Department of Veterans Affairs. In September 2008, Plaintiff contacted the Equal Employment Opportunity ("EEO") counselor at the VA to complain of discriminatory retaliation. On December 2, 2008, Plaintiff received a Notice of Right to Sue. Plaintiff then filed the 2009 action, Civil Action No. 09-cv-6076, in the U.S. District Court for the Western District of New York. The factual allegations in the 2009 action are repeated as "background evidence" in the Complaint in the instant action. However, the only facts that are relevant to Plaintiff's instant claim for retaliation are that he filed a discrimination complaint with the EEO office in 2008, and he filed the 2009 action in the United States District Court for the Western District of New York, as these events constitute "protected activities" under Title VII. See 42 U.S.C. § 2000e-3(a).

---

[1]This Court expresses no opinion regarding the plausibility of the factual allegations that are the subject of Plaintiff's 2009 action, which are repeated in the Complaint in this action, and which are the subject of a separate Motion to Dismiss the 2009 action, currently pending before Magistrate Judge Marion W. Payson. (Civil Docket 09-cv-6076, Nos. 5, 10).

Plaintiff states that "[s]hortly after filing this charge with the EEO [in 2008], Plaintiff became targeted by high ranking supervisors for which Chief Schuermann [Plaintiff's supervisor] was aware." However, Plaintiff does not state any factual allegations to support his conclusory statement that he was "targeted" "shortly after filing this charge" in 2008, as the remainder of Plaintiff's factual allegations relate to events that did not occur until the spring of 2010.

Plaintiff states that in the spring of 2010, he filed a complaint against his supervisor, Chief Schuermann, and a co-worker, Officer Jason Eldridge, relating to "a policy concerning ID badges." Plaintiff claims that he was physically threatened by Eldridge for making the complaint.

Chief Schuermann was advised of the threat on May 16, 2010, and he suggested that Plaintiff and Eldridge "mediate their differences." Plaintiff alleges that Schuermann did not take any further remedial actions based on the alleged threat, and that his failure to act constitutes retaliation in violation of Title VII.

On June 14, 2010, Plaintiff filed a separate complaint with the VA's EEO office, claiming retaliation based on Schuermann's failure to take remedial action in response to the threat from Eldridge in the spring of 2010. Plaintiff was again issued a Notice of Right to sue, and on November 5, 2010, Plaintiff filed the instant action for retaliation in violation of Title VII based on these events.

**DISCUSSION**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'" See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir.2008) (quoting Gorman v. Consol. Edison Corp., 488 F.3d 586, 591-92 (2d Cir.2007)). However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted). The court is also not required to credit conclusory statements unsupported by factual allegations. See, e.g., Otor, S.A. v. Credit Lyonnais, S.A., 2006 WL 2613775, at *2 (S.D.N.Y.2006); see also Davey v. Jones, 2007 WL 1378428, at *2 (S.D.N.Y.2007) (citation omitted) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

The essence of Plaintiff's claim is that he was the victim of retaliation in violation of Title VII because the Defendant failed to take remedial action in response to the threat against him by Eldridge after Plaintiff complained about a policy concerning ID badges.  To state a plausible claim for relief for discriminatory

retaliation under Title VII, Plaintiff must allege facts in support of the following elements: "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there existed a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007)(citing Feingold v. New York, 366 F.3d 138, 156 (2d Cir.2004)).

    Defendant argues that Plaintiff has not established a causal connection between his complaint to the EEO office in 2008 or his 2009 action and the allegedly retaliatory events that occurred approximately fifteen months after the 2009 action was filed, in the spring of 2010, as these events are not close enough in proximity; nor has Plaintiff alleged any other facts that would tend to support the requisite element of causation.  Plaintiff concedes that these events are not close enough in proximity to plausibly state the element of causation. However, in response he argues that he engaged in protected activity in the spring of 2010 when he complained about the policy regarding ID badges.

    Plaintiff's response is frivolous, as Title VII only protects an employee from retaliation for engaging in a protected activity (for example, making the complaint to the EEO office) which relates to discrimination on the basis of race, color, religion, sex or national origin. See 42 U.S.C. § § 2000e-2(a), 2000e-3(a). Further, where the activity complained of does not actually violate Title VII, to constitute a protected activity, Plaintiff must

allege that he "possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [Title VII]." See La Grande v. DeCrescente Distributing Co., Inc, 370 Fed. Appx. 206, 212, 2010 WL 1049320, **5 (2d Cir. 2010).

Plaintiff does not allege that his complaint to management in the spring of 2010 was related to discrimination on the basis of any of the listed characteristics. The complaint in 2010 related to a policy regarding ID badges, which is not reasonably related to Plaintiff's race, color, religion, sex or national origin. At best, it represents a disagreement regarding a policy dealing with employee identification for security purposes. Further, Plaintiff has not alleged facts which would tend to suggest that Plaintiff could have possessed a reasonable belief that he was complaining of unlawful discrimination by alerting management about the problem with the ID badges. Accordingly, Plaintiff's complaint in the spring of 2010 may not serve as the basis for the instant retaliation claim, as Plaintiff has not plausibly alleged that this complaint constitutes a protected activity under Title VII.

Further, while Plaintiff's 2008 complaint to the VA's EEO office and his 2009 action do constitute protected activities, as this Court has already noted, Plaintiff has not set forth enough facts for this Court to infer that these complaints are causally related to Schuermann's May 2010 failure to take remedial action. As Plaintiff admits, to establish causation based on temporal proximity, "[c]ourts generally require that these two events occur

'very close' in time." See Pl. Mem. of Law at 8 (citing <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001)("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'"). The 15 month span of time between the filing of the 2009 action (the last alleged protected activity) and the alleged retaliatory conduct in 2010, without more, is insufficient to plausibly allege a causal connection. <u>See</u> <u>McCormick v. Donovan</u>, 365 Fed. Appx. 247, 2010 WL 456686 (2d Cir. 2010)(period of a year and a half insufficient); <u>see also</u> <u>Meggison v. Paychex, Inc.</u>, 679 F.Supp.2d 379, 388 (W.D.N.Y. 2010)(period of four months insufficient)(citing <u>Hollander v. American Cyanamid Co.</u>, 895 F.2d 80, 85 (2d Cir. 1990)(period from July 10, 1984 to October 26, 1984 insufficient)).

Plaintiff has not alleged any other facts that would support the element of causation, and argues only that the factual proximity of the spring 2010 complaint to the alleged retaliatory conduct is sufficient to state a claim.  However, Plaintiff did not engage in a protected activity in the spring of 2010, and therefore, the temporal proximity is measured from the protected activity he engaged in by filing the 2009 action in February 2009.

### **CONCLUSION**

Therefore, since Plaintiff has not plausibly alleged a causal connection between the 2008 EEO complaint or the 2009 action and

the alleged retaliation, and because the 2010 complaint regarding the ID badge incident is not a protected activity, this Court finds that Plaintiff has not alleged a plausible claim for retaliation in violation of Title VII.[2]  Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint in this action is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            s/ Michael A. Telesca
                                              MICHAEL A. TELESCA
                                         United States District Judge

Dated:     Rochester, New York
           June 2, 2011

---

[2] As previously noted, this Court expresses no opinion as to the plausibility of the factual allegations contained in the Complaint in Plaintiff's pending 2009 action before another Judge of this Court.